■ In the Matter of EDWARD J. KURIANSKY, as Deputy Attorney-General of the State of New York, Respondent, v CHOWDHURY AZAM et al., Appellants.—In a criminal contempt proceeding for failure to comply with a Grand Jury subpoena, the appeal is from an order of the Supreme Court, Kings

County (Gerges, J.), entered June 27, 1991, which found the appellants to be in criminal contempt, fined each of them $1,000, and sentenced Chowdhury Azam to a term of 30 days imprisonment.

Ordered that the order is affirmed, with costs.

The petitioner, while conducting a criminal investigation, issued a subpoena duces tecum to the appellant Church Avenue Pharmacy Corp. Inc. and its co-owner the appellant Chowdhury Azam (hereinafter Azam). The subpoena directed that the appellants produce certain documents, including prescriptions, to the Grand Jury. The appellants did not comply with the subpoena in full, in that approximately 9000 prescriptions were not produced. As a result of their disobedience they were adjudged guilty of criminal contempt. The petitioner argues that the items were in the possession of the appellants at the time the subpoena was served, and that there was a willful disregard with respect to the mandates of the subpoena. The appellants counter that they did produce all that they were able to find.

It is well-settled that in a motion to punish an individual for criminal contempt for failure to produce certain books and records, the movant is required to prove beyond a reasonable doubt that the documents were in existence when the subpoena was served and that at that time they were within the individual's control (Matter of Gold v Valentine, 35 AD2d 958; People v Shapolsky, 8 AD2d 122, 125). Because there is a statutory requirement that pharmacies preserve records of all prescriptions filled for a period of at least five years (Education Law § 6810 [5]), and an owner of a pharmacy is "responsible for the proper conduct of this pharmacy" (Education Law § 6808 [3] [e]), it can be presumed that the prescriptions called for in the subpoena existed when the subpoena was served (see, People v Shapolsky, supra; United States v Johnson, 247 F2d 5, cert denied 355 US 867). This presumption is further strengthened by the testimony of (1) a pharmacist who said that he kept and filed all prescriptions he filled while employed by the pharmacy, and that that had been the policy of his predecessors, and (2) the testimony of an inspector who stated that when he inspected the pharmacy in 1987, the records were properly maintained.

Moreover, we disagree with Azam's assertion that he did not have control over the records because he virtually took no part in the day-to-day management of the business. The record indicates that Azam had a one-half interest in the

pharmacy, that he signed documents concerning Medicaid and renewal of the pharmacy registration in his capacity as Vice President, that he hired employees, that he was designated secretary and treasurer of the pharmacy, and that he had to approve all important decisions. Furthermore, Azam's partial compliance with the subpoena tacitly concedes control of the records by him *(see, Nilva v United States,* 352 US 385).

The petitioner, therefore, adequately demonstrated that the items called for in the subpoena duces tecum were in existence and under the control of the appellants at the time the subpoena was served.

The appellants' other contentions are without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.